MILLER v. HERRICK et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

APPEAL—REVIEW—APPOINTMENT OF RECEIVERS.

    The appointment, in an action to have a bill of sale of a boat declared a mortgage and for an accounting, of a receiver for the boat, on the ground that it was in need of repair, that the insurance was rendered precarious and liable to cancellation, and that there was danger the boat would be materially injured or destroyed, will not be disturbed, though the case made for it was not strong; plaintiff being substantially protected by a prior order restraining defendant from selling or disposing of the boat, provided that, if the action be not brought to trial before navigation, which has closed, opens, defendants may move to discharge the receiver.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3822.]

Appeal from Special Term, Rensselaer County.

Action by Matilda Miller, administratrix of John L. Miller, deceased, against Gouvenier M. Herrick, individually and as executor of Lucretia Herrick, deceased, and others. From an order appointing a receiver of the freight barge Chicago, defendants appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Van Santvoord & Wellington, for appellant John W. Herrick.

Martin A. Springstead, for appellants Gouvenier M. Herrick and Hattie A. Herrick.

B. W. Stryker, for respondent.

SMITH, P. J. The plaintiff and Stephen I. Miller are the wife and son of John L. Miller, deceased. Upon the 17th day of August, 1903, they executed a chattel mortgage upon the boat in question to Lucretia Herrick to secure the payment of $5,000 loaned. Lucretia Herrick died the 29th of February, 1904, and Gouvenier M. Herrick was appointed her executor. In September, 1904, plaintiff and defendant Stephen I. Miller executed to John W. Herrick a bill of sale of this barge Chicago for $4,000, subject to the $5,000 chattel mortgage. Upon May 5, 1906, John W. Herrick transferred to Gouvenier M. Herrick and Hattie A. Herrick the said boat, subject to the $5,000 chat-

tel mortgage. This action was then brought by plaintiff against these defendants, alleging that this bill of sale to John W. Herrick was given as security for certain moneys owing by Stephen I. Miller to said Herrick, arising out of some partnership matters; that these moneys had since been paid by payment of certain bills against the said partnership by said Stephen I. Miller; that the bill of sale from John W. Herrick to Gouvenier M. Herrick and Hattie A. Herrick was without knowledge of the plaintiff; and an accounting is asked for to determine the amount, if any, due from Stephen I. Miller to John W. Herrick, or his assignees, and to declare the bill of sale to be a mortgage. In that action an injunction was first obtained, forbidding the defendants from transferring or selling or disposing of the said barge during the pendency of the action. Thereafter a receiver was appointed upon the motion of plaintiff, upon the ground that the boat was in need of repair, and that the insurance is rendered precarious and liable to cancellation, and that there is danger that the said barge will be materially injured or destroyed.

The defendant claims that the bill of sale to John W. Herrick was absolute. This appeal is from the order appointing the receiver.

The case made for the appointment of the receiver is not a strong one. The plaintiff is substantially protected by the injunction order, which restrains the defendant from selling or disposing of the barge. It does not appear that there was any stay under the order and that the receiver has not been in possession during the summer months when the barge was available for navigation. At the time this decision is rendered navigation will have ceased, and it would seem that the defendants can be little harmed by the continuance of the said barge in the possession of the receiver until spring, within which time undoubtedly this action can be tried. If the action be not brought to trial before the opening of navigation in the spring, defendants may have leave to move to discharge the receiver, or make such other motion as to them may seem wise. The order appealed from should therefore be affirmed, with leave to defendants, if the action be not tried and determined before the opening of navigation in the spring, to move for the discharge of the receiver. No costs are awarded to either party.

Order affirmed, with leave to defendants, if the action be not tried and determined before the opening of navigation in the spring, to move for the discharge of the receiver. No costs are awarded to either party. All concur.